UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

| | |
|---|---|
| STANLEY BOLDEN, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| | 13 CV 3509 (BMC) |
| -against- | |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, GABRIELL WALLS, Individually, JONATHAN KANE, Individually, and AMERICA JACQUES, Individually, | |
| Defendants. | |

----------------------------------------------------------------------------X

Plaintiff STANLEY BOLDEN, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff STANLEY BOLDEN is a thirty year old African American citizen of the United States who resides in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, GABRIELL WALLS, JONATHAN KANE, and AMERICA JACQUES were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  At the time of the incident, Kane and Jacques held the rank of police officer, while Walls was a supervisor holding the rank of sergeant.  They are sued individually.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On the evening of October 2, 2010, into the morning of October 3, 2010, close to or shortly after midnight, plaintiff STANLEY BOLDEN walked into the 71st Police Precinct, located at 421 Empire Boulevard, Brooklyn, New York, after he was a short while earlier on October 2, 2010 issued a summons for an alleged open container in the vicinity of Albany Avenue between New York Avenue and Schenectady Avenue in Brooklyn, New York, where he was present with his cousin and a friend. The officers present and otherwise involved in the issuance of the summons included defendants NYPD Sergeant Gabrielle Walls, and defendant NYPD officer America Jacques. Although plaintiff and his cousin were released with summonses, their friend was taken into police custody to the 71st precinct.

13. Shortly thereafter, plaintiff realized that the officers did not return his identification, but had instead given his friend's identification to him. Plaintiff and his cousin therefore proceeded to the 71st precinct stationhouse to get plaintiff's identification back, and to otherwise inquire about the reason for their friend's arrest.

14. At the precinct, plaintiff saw defendants WALLS and JACQUES.

15. Defendant WALLS stated to plaintiff that they meant to arrest plaintiff on an alleged outstanding warrant for drinking in public at the time the summonses were issued earlier that night, but that they mistakenly arrested plaintiff's friend.

16. At the defendants' request, and in their presence, the contents of plaintiff's pockets were removed.

17. Plaintiff was not in possession of any alleged contraband or weapons at that or

any other time that he was in the defendants' presence.

18. Plaintiff was then placed in a jail cell.

19. Approximately ten minutes later, defendants JACQUES and KANE removed plaintiff from the cell, searched him again with negative results, and then brought plaintiff to precinct bathroom, where KANE strip searched Mr. Bolden without any justification or excuse, and otherwise with the approval and at the behest of defendants WALLS and JACQUES.

20. Despite lacking any objectively reasonable basis to do so, defendant KANE ordered plaintiff to pull his pants and underwear down and to lift his shirt, before allowing him to put his clothes back on a few minutes later.

21. The defendant officers lacked any reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched. He was already lodged in precinct cells and was searched at least twice prior to being strip searched. Thus, there was simply no basis to strip search Mr. Bolden whatsoever, let alone after he was searched at the front desk and thereafter imprisoned in the precinct cells.

22. Defendant WALLS failed to document the strip search in the precinct command log, despite NYPD guidelines requiring strip searches to be recorded. Further, defendant JACQUES tried to cover up the strip search by testifying at the CCRB that plaintiff was only searched and frisked when he was first brought to the precinct, but not strip searched. However, defendant KANE admitted that JACQUES participated in removing plaintiff from the cell for the strip search, that she was present when plaintiff was searched a second time with negative results prior to being strip searched, and that she participated in escorting plaintiff to the bathroom where KANE admittedly conducted the strip search with her knowledge.

23. Defendant WALLS supervised defendant KANE and JACQUES. In this

capacity, she ordered, approved of, oversaw, conspired to cover up, and otherwise presided over the unauthorized strip search of plaintiff, despite knowing that it was unreasonable.

24. Defendants WALLS, KANE and JACQUES each had an affirmative duty to intervene in the unauthorized strip search of plaintiff, but failed to do so.

25. Defendant City, via the NYPD, issued defendant WALLS a command discipline for authorizing the unlawful strip search of plaintiff.

26. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality, and due to a *de facto* policy of authorizing and conducting unlawful strip searches.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding when to strip search individuals, and otherwise engage in falsification to cover up unwarranted strip searches.

28. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

29. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

5

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

30. As a result of the foregoing, plaintiff STANLEY BOLDEN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff STANLEY BOLDEN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37. As a result of the foregoing, plaintiff STANLEY BOLDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants strip searched and/or caused plaintiff STANLEY BOLDEN to be strip searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched or any other justification.

40. Defendants thereby caused plaintiff STANLEY BOLDEN to be deprived of his right to be free from unlawful strip searches.

41. As a result of the foregoing, plaintiff STANLEY BOLDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants had an affirmative duty to intervene on behalf of plaintiff STANLEY BOLDEN whose constitutional rights were being violated in their presence by other officers.

44. The defendants failed to intervene to prevent the unlawful conduct described herein.

45. As a result of the foregoing, plaintiff STANLEY BOLDEN was subjected to false arrest, illegal strip search, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

46. As a result of the foregoing, plaintiff STANLEY BOLDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. The defendants illegally strip searched plaintiff STANLEY BOLDEN because of the plaintiff's race and/or national origin, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

49. As a result of the foregoing, plaintiff STANLEY BOLDEN, was deprived of his rights under the Equal Protection Clause of the United States Constitution.

50. As a result of the foregoing, plaintiff STANLEY BOLDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendant WALLS personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff STANLEY BOLDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to illegally strip searching citizens in the absence of reasonable individualized suspicion that the citizen was in possession of weapons or contraband at the time of the search, and engaging in falsification

and/or cover ups of unreasonable strip searches. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff STANLEY BOLDEN'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff STANLEY BOLDEN.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STANLEY BOLDEN, as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff STANLEY BOLDEN, as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff STANLEY BOLDEN was unlawfully seized, detained, incarcerated, searched, and prosecuted.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STANLEY BOLDEN'S constitutional

rights.

62. All of the foregoing acts by the defendants deprived plaintiff STANLEY BOLDEN, of federally protected rights, including, but not limited to, the right:

    A. To be free from unlawful strip searches;

    B. To be free from the failure to intervene; and

    C. To receive equal protection under law.

63. As a result of the foregoing, plaintiff STANLEY BOLDEN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STANLEY BOLDEN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       October 2, 2013

                                    LEVENTHAL & KLEIN, LLP
                                    Attorneys for Plaintiff STANLEY BOLDEN
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                    By: _____
                                           BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

STANLEY BOLDEN,

                                              Plaintiff,

                                                                             13 CV 3509 (BMC)

    -against-

CITY OF NEW YORK, GABRIELL WALLS, Individually,
JONATHAN KANE, Individually, and AMERICA JACQUES,
Individually,

                                              Defendants.

----------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100